IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSHUA CHAPMAN | ) | |
| | ) | |
| v. | ) | NO: 3:15-0920 |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA | ) ) ) | |

TO: Honorable Todd J. Campbell, District Judge

### R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 26, 2015 (Docket Entry No. 6), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all, pretrial, nondispositive motions, and a report and recommend on any dispositive motions.

Presently pending is the motion for summary judgment (Docket Entry No. 12) of Defendant Corrections Corporation of America, to which Plaintiff has not filed a response in opposition. For the reasons set out below, the Court recommends that the motion be granted.

### I. BACKGROUND

Joshua Chapman ("Plaintiff") is a former inmate of the Metro-Davidson County Detention Facility ("Detention Facility"). The Detention Facility is operated by Corrections Corporation of America, Inc. ("CCA"), a private entity that has contracted with the Metropolitan Government of Nashville and Davidson County to operate the Detention Facility.

On May 15, 2015, Plaintiff filed this action *pro se* in the Chancery Court of Davidson County, Tennessee, seeking damages from CCA under 42 U.S.C. § 1983 based on allegations that CCA had subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights. Specifically, Plaintiff alleges that he fell and broke his arm in the shower at the Detention Facility because the drains did not work properly and that he did not receive prompt medical treatment for his injury. *See* Complaint (Docket Entry No. 1-1). Defendant subsequently removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. *See* Docket Entry No. 1. Defendant answered the Complaint, *see* Docket Entry No. 5, and a scheduling order was entered setting out deadlines for pretrial activity in the action.

Defendant moves for summary judgment arguing that there are no genuine issues of material fact and that it is entitled to judgment in its favor as a matter of law. Defendant asserts that Plaintiff sustained his injury on or about February 28, 2014, and reported it to prison officials the next day, at which time he was transported to a local hospital for treatment. Defendant contends that, for approximately the next two months until his release from the Detention Facility, Plaintiff was provided with appropriate forms of medical care for his injury. Based upon these facts, Defendant argues that: 1) Plaintiff's claims are barred by the applicable one year statute of limitations; 2) there are no facts supporting a claim that Plaintiff's constitutional rights were violated; and 3) there are no facts supporting a claim of liability against CCA for any actions taken by its employees. *See* Memorandum in Support (Docket Entry No. 17). In support of its motion, Defendant relies upon the Affidavits of physician James Bridges (Docket Entry No. 14) and Detention Center Warden Blair Leibach (Docket Entry No. 15).

By Order entered September 29, 2015 (Docket Entry No. 19), Plaintiff was notified of the motion and given a deadline of November 6, 2015, to file a response. However, Plaintiff has not responded in any manner to the motion.

**II. STANDARD OF REVIEW**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his position; a mere "scintilla of

evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000).

### III. ANALYSIS

Defendant has presented affirmative evidence showing that Plaintiff sustained his injury on or about February 28, 2014, that he was released from incarceration at the Detention Facility on April 23, 2014, and that he was provided with various forms of medical treatment at the Detention Facility after sustaining his injury. Plaintiff has not responded to Defendant's motion for summary judgment and has not supported his claims with any evidence. When a motion for summary judgment is made and properly supported under Rule 56, such as the motion filed by Defendant, the non-moving party may not merely rest on allegations contained in the pleadings, but must respond with affirmative evidence supporting the claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, *supra*; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989). Based upon the undisputed evidence before the Court, summary judgment should be granted to Defendant because no reasonable jury could find in Plaintiff's favor on his claims.

Initially, Plaintiff's action was not filed in a timely manner. The one year statute of limitations set out in Tenn. Code Ann. § 28-3-104(a)(3) applies to Plaintiff's claims. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578 (6th

4

Cir. 1992); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Accordingly, Plaintiff's claims must have been brought within one year of the accrual of the claims. *See Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Merriweather*, *supra*. Claims accrue and the statute of limitations period begins to run when Plaintiff knows or has reason "to know of the injury which is the basis of his action." *Roberson*, *supra*; *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The events at issue occurred no later than April 23, 2014, when Plaintiff was released from incarceration, and Plaintiff was clearly aware of these events and the injuries he suffered at that time. However, he did not file his lawsuit until more than one year after these events.

Additionally, an Eighth Amendment claim based upon allegations of the denial of medical care requires proof of "deliberate indifference to the serious medical needs of a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). This high standard is not satisfied by a showing of negligence or medical malpractice. *Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). *See Estelle*, 429 U.S. at 105-06; *Walker v. Norris*, 917 F.2d 1449, 1454 (6th Cir. 1990); *Roberts v. City of Troy*, 773 F.2d 720, 724 (6th Cir. 1985). Based upon the unrebutted evidence from Defendant and the lack of any supporting evidence from Plaintiff, there is no evidentiary basis for a reasonable conclusion that Plaintiff was treated with deliberate indifference as is required for a constitutional claim.

Although Plaintiff's status as a *pro se* litigant does require the Court to provide him with some measure of leniency, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court is not required to supply or assume facts supporting Plaintiff's case and is not required to make legal arguments on his behalf. *See Bell v.*

*Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000). *See also Brown v. Matauszak*, 415 Fed.App'x 608, 613 (6th Cir. 2011); *Payne v. Secretary of Treas.*, 73 Fed.App'x 836, 837 (6th Cir. 2003); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff has not set forth any actual evidence supporting his claims or rebutting the evidence presented by Defendant. Even when the evidence before the Court is viewed in the light most favorable to Plaintiff, his claims warrant dismissal as a matter of law.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 12) of Defendant Corrections Corporation of America be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge